# Exhibit G



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

March 5, 2019

### POLICY STATEMENT ON THE TAX REGULATORY PROCESS

The Department of the Treasury and the Internal Revenue Service (IRS) reaffirm their commitment to a tax regulatory process that encourages public participation, fosters transparency, affords fair notice, and ensures adherence to the rule of law. Consistent with those important regulatory principles, the Department of the Treasury and the IRS hereby clarify and affirm their commitment to sound regulatory practices.

I.   Commitment to Notice-and-Comment Rulemaking

The best practice for agency rulemaking is the notice-and-comment process established by the Administrative Procedure Act (APA). This process allows the public to participate before any final rule becomes effective and ensures that all views are adequately considered. It also enables the public to apprise the government of relevant information that the government may not possess or to alert the government to consequences that it may not foresee.

The APA generally requires notice and comment for legislative rules. The APA exempts interpretive rules from notice-and-comment requirements. Nonetheless, as a matter of sound regulatory policy, the Treasury Department and the IRS will continue to adhere to their longstanding practice of using the notice-and-comment process for interpretive tax rules published in the Code of Federal Regulations.

II.   Limited Use of Temporary Regulations

Under the APA, if an agency finds that it has "good cause" to do so, it may issue an interim final rule that becomes effective immediately without notice and comment. The interim final rule must be promulgated with a statement of good cause explaining the basis for that finding. The Treasury Department and the IRS have long interpreted the Internal Revenue Code, however, to permit the issuance of immediately-effective temporary tax regulations without a statement of good cause.

As a matter of sound regulatory policy, the Treasury Department and the IRS commit to include a statement of good cause when issuing any future temporary regulations under the Internal Revenue Code. In certain exceptional circumstances, sound tax administration may require temporary regulations to be issued without notice and comment. For example, such regulations may be necessary and appropriate to stop abusive practices or to immediately resolve an injurious inconsistency between existing regulations and a new statute or judicial decision. When sound tax administration does warrant temporary regulations, the Treasury Department and the IRS will make their reasons for issuing such immediately-effective regulations clear by including a statement of good cause in the preamble.

The Treasury Department and the IRS will also continue to adhere to other limitations in the Internal Revenue Code, which mandate that temporary regulations must expire within three

Exh. G
Complaint

years of issuance and that proposed regulations must be issued simultaneously with any temporary regulations.  These limitations ensure that, even where good cause justifies immediate action without notice and comment, any resulting final regulations will be subject to notice and comment.

III.     Proper Scope of Subregulatory Guidance Documents

In addition to formal regulations that carry the force and effect of law, sound tax administration necessitates less formal guidance to efficiently advise the public about the meaning of the tax laws.  The Treasury Department and the IRS use a variety of forms of guidance to interpret and implement federal tax laws, including revenue rulings, revenue procedures, notices, and announcements.[1]  Such guidance often provides taxpayers much-needed clarity and certainty concerning the legal interpretation that the IRS intends to apply, and taxpayers thus regularly request such guidance.

Subregulatory guidance is not intended to affect taxpayer rights or obligations independent from underlying statutes or regulations.  Unlike statutes and regulations, subregulatory guidance does not have the force and effect of law.  Taxpayers can have confidence, however, that the IRS will not take positions inconsistent with its subregulatory guidance when such guidance is in effect.  In applying subregulatory guidance, the effect of subsequent legislation, court decisions, rulings, and procedures must be considered.

When proper limits are observed, subregulatory guidance can provide taxpayers the certainty required to make informed decisions about their tax obligations.  Such guidance cannot and should not, however, be used to modify existing legislative rules or create new legislative rules.  The Treasury Department and the IRS will adhere to these limits and will not argue that subregulatory guidance has the force and effect of law.   In litigation before the U.S. Tax Court, as a matter of policy, the IRS will not seek judicial deference under *Auer v. Robbins*, 519 U.S. 452 (1997) or *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), to interpretations set forth only in subregulatory guidance.

In deciding whether to issue regulations or subregulatory guidance, the Treasury Department and the IRS must consider the content and nature of the interpretation or position being announced.  Factors to be considered include the intended effect on taxpayers' rights or duties, the need for public comments, the form and content of prior positions, the significance of the issues, the statutory framework, and whether the interpretation or position is of short-term or long-term value.  After weighing relevant factors, if the intended interpretation or position would have the effect of modifying existing legislative rules or creating new legislative rules on matters not addressed in existing regulations, the interpretation or position will generally be issued through notice-and-comment rulemaking, absent exceptional circumstances.  Where the Treasury Department and the IRS intend to provide only an interpretation of existing law applied to a

---

[1] For the purpose of this policy statement, "subregulatory guidance" means subregulatory guidance published in the Internal Revenue Bulletin.  The following types of subregulatory guidance are published in the Internal Revenue Bulletin: revenue rulings, revenue procedures, notices, and announcements.  This policy statement does not apply to regulations issued jointly with the Department of Health and Human Services and the Department of Labor under 26 U.S.C. § 9833.

limited set of facts, a statutorily prescribed form of relief, a statement of agency procedure or practice, a public announcement of intent to issue proposed legislative rules, or an announcement that has only immediate or short-term value, the intended interpretation or position will generally be issued as subregulatory guidance rather than through notice-and-comment rulemaking.

IV.     Limit on Notices Announcing Intent to Propose Regulations

Prior to the issuance of certain proposed regulations, the IRS may publish a notice in the Internal Revenue Bulletin that announces the intention of the Treasury Department and the IRS to issue proposed regulations. Such notices generally describe the scope and content of the intended proposed regulations and sometimes state that taxpayers may rely on the notice in taking tax positions on upcoming tax returns. The notices also may invite comments and encourage a dialogue with taxpayers regarding the content of future proposed regulations before any such regulations are proposed.

Failure to promulgate regulations previewed in notices on a timely basis can cause confusion or uncertainty for taxpayers. To limit the uncertainty that these situations may create, the Treasury Department and the IRS will include a statement in each future notice of intent to issue proposed regulations stating that if no proposed regulations or other guidance is released within 18 months after the date the notice is published, taxpayers may continue to rely on the notice but, until additional guidance is issued, the Treasury Department and the IRS will not assert a position adverse to the taxpayer based in whole or in part on the notice.

V.     General Provision

This policy statement is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.


David J. Kautter                                                    Brent J. McIntosh
Assistant Secretary for Tax Policy                 General Counsel