UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-2450-FMO (DTBx) | Date | December 21, 2023 |
|---|---|---|---|
| Title | Southern California Emergency Medicine, Inc. v. Daniel Werfel, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Venue

On December 1, 2023, plaintiff Southern California Emergency Medicine, Inc. ("plaintiff") filed a Complaint [] (Dkt. 1, "Complaint") against defendants. Plaintiff's only allegation regarding venue is that "[v]enue is proper under 28 U.S.C. § 1391(e)(1)." (See id. at ¶ 15).

Pursuant to § 1391(e)(1), "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). Here, although plaintiff does raise claims against officers of United States agencies, plaintiff's Complaint does not allege that any defendant resides in the district, that a substantial part of the events or omissions at issue occurred in the district, or that the plaintiff resides in the district. (See, generally, Dkt. 1, Complaint).

Based on the foregoing, IT IS ORDERED THAT:

1. No later than **January 3, 2024**, plaintiff shall file a First Amended Complaint setting forth sufficient allegations to establish venue. The first amended complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. ED CV 23-2450 FMO (DTBx). In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make the First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]") (citations and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-2450-FMO (DTBx) | Date | December 21, 2023 |
|---|---|---|---|
| Title | Southern California Emergency Medicine, Inc. v. Daniel Werfel, et al. | | |

    2. Plaintiff is cautioned that failure to timely file a First Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute, failure to comply with a court order, and lack of jurisdiction.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |